In re MEMORIAL HALL SITE.

CITY OF DETROIT v. EHINGER.

1. Eminent Domain—Value—Evidence—Current Tax Assessment.

Failure to admit evidence of city's current tax assessment on property condemned for public use, when presented by defendant, *held*, error, and to require a new trial in condemnation proceedings by city.

2. Taxation—Assessment—Value.

Real estate in a home rule city is supposedly assessed at its true cash value (Detroit Charter, title 6, chap. 2, § 1).

3. Eminent Domain—Fair Market Value—Evidence—Admission Against Interest.

While the current assessed valuation of real property does not determine with finality the fair market value in condemnation proceedings by a city it is material on the issue of fair market value and, when offered by the defendant property owner, is in the nature of an admission against interest by the city.

4. Same—Expert Witness—Credibility—Cross-Examination.

In condemnation proceedings by city, cross-examination of city's expert appraisal witness as to assessed valuation for the current and next preceding year should have been permitted for purpose of testing credibility of witness who had said that taxes constituted one of the things he took into consideration in arriving at the value of property, although it was not error to exclude as remote in such cross-examination, assessed valuations beginning 20 years before or real estate board's appraisal made 21 years previously.

5. Same—Value—Evidence—Hearsay—Offer to Purchase.

Where no proper foundation was laid for receiving any testimony of a bona fide offer to purchase land city condemned, testimony as to discussions with prospective purchasers was hearsay and inadmissible.

6. SAME—VALUE—EVIDENCE—REMOTE APPRAISAL.

   Transcript of probate proceedings showing who owned the property 18 years previous to time city condemned property was properly excluded as too remote where there was no dispute as to ownership and main purpose of introduction was to show an appraisal of the property then in probate court.

Appeal from Recorders Court of the City of Detroit; Gillis (Joseph A.), J.   Submitted October 17, 1946.   (Docket No. 3, Calendar No. 43,412.)   Decided January 6, 1947.

Condemnation proceedings by City of Detroit to acquire site for memorial hall.   Award of necessity and for just compensation.   Clara Ehinger and others, owners of parcel No. 15, appeal.   Reversed and new trial granted.

*William E. Dowling,* Corporation Counsel and *Clarence E. Page,* Assistant Corporation Counsel, for plaintiff.

*Hugh Francis* and *Person & Searl,* for defendants.

BOYLES, J.   This is a companion case to the appeal of Laura H. Cristy in the above condemnation proceedings, in which Mr. Justice SHARPE wrote for the Court for reversal in an opinion handed down December 2, 1946.   See *In re Memorial Hall Site (City of Detroit* v. *Cristy), ante,* 215.   The first question urged in the instant case for reversal is the same as in the *Cristy Case,* namely, that the court erred in excluding proof of the 1945 assessed valuation.   In the present case this applies to parcel No. 15.   In the above case we have held that this testimony should have been admitted.   Real estate is supposedly assessed at its true cash value.   The Detroit city charter, title 6, chap. 2, § 1, so requires.   The city

fixed a current 1945 assessed valuation for parcel No. 15 as the basis for obtaining tax money for governmental purposes. The city now seeks to obtain the land itself, for public purposes. While the 1945 assessed valuation does not determine with finality the fair market value in this condemnation case, it does have a material bearing on the issue as to what is the 1945 fair market value of the property. When offered by the defendants in condemnation proceedings, the assessed valuation for the current year placed by the city on the property in question is in the nature of an admission against interest. Refusal to admit this proof when offered by the defendants was prejudicial to them and the award in this case must be set aside.

Counsel for opposite parties rely on two different decisions here which they claim are in conflict. Mr. Justice SHARPE, in the companion (*Cristy*) case, quotes from *Chamberlin* v. *Wagar*, 272 Mich. 594, 598, as follows:

"While the amount property is assessed at is not determinative of its true worth, *it nevertheless has some probative force.*"

Counsel for plaintiff rely on *O'Donnell* v. *Oliver Iron Mining Co.*, 273 Mich. 27, 39, where the Court said:

"For tax purposes the property was assessed for $3,650 *although this is not proof of real value.*"

When read in connection with the context, the apparent inconsistency between these statements disappears. In both cases, proof of assessed valuation was received and the assessed values were considered, along with other testimony, in determining the true cash or market value. Although the question of admissibility apparently was not raised, in

both cases a precedent was laid in holding that such testimony is admissible.

In the present case the principal witness, offered by the city to prove 1945 market values of each of the 28 parcels involved in the case, was a qualified real estate broker and appraiser of many years' experience in estimating real estate values in Detroit. He testified that in arriving at such values he took into consideration, among other things, the taxes. The court had previously ruled, following argument by counsel for the owners of the respective parcels, that none of such owners would be permitted to introduce evidence of the assessed valuation of the respective parcels, either for 1945 or for previous years. Counsel for the defendants were also excluded from cross-examining this witness as to the city's assessed valuation for 1944. Such cross-examination should have been permitted, for the purpose of testing the credibility of the witness. Counsel for defendants also attempted to cross-examine this witness as to the city's assessed valuations for the preceding 20 years. He was not the city assessor and there was no indication that he had anything to do with assessing the property in question for taxes. The record shows that counsel agreed that the assessed valuation on parcel No. 15 ranged in successive years from $10,030 in 1925 to $3,830 in 1944, and that it was assessed for $4,050 in 1945. The comparison between the assessed valuations for 1944 and 1945 might well have been considered a proper subject for such cross-examination, within the discretion of the court. It was not error to exclude the defendants from placing before the jury the assessed valuations beginning in 1925, to be used in cross-examination. The question for consideration by the jury was as to the value of parcel No. 15 in 1945, not for the previous 20 years. Proof

of assessed valuations as far remote as 1925 and the ensuing years would necessarily open debate as to changed conditions, nation-wide depression or prosperity, inflation or depreciation of values for many reasons which would not have any material relevancy to the issue as to the fair market value in 1945. Such testimony is considered too remote to have any material probative value. It was not error for the court to refuse to allow it for the purpose of cross-examination. For the same reason, the court did not err in excluding reference to an appraisal made in 1924 by a local committee of the Detroit real estate board.

Appellants also claim that the court erred in excluding proof of a bona fide offer to purchase the property. A witness for appellants was asked:

"What discussions have you had with prospective purchasers with respect to this particular parcel?"

This would have been hearsay. No proper foundation was laid for receiving any testimony of a bona fide offer to purchase. *City of Kalamazoo* v. *Balkema*, 252 Mich. 308. The testimony as it was offered was inadmissible.

Appellants also attempted to offer in evidence a transcript of probate proceedings showing who owned the property in 1927, mainly for the purpose of showing an appraisal of the property in probate court in 1927. There was no dispute as to ownership, and the transcript was properly excluded for reasons hereinbefore stated.

For the reason given in the *Cristy Case, supra,* the award is set aside and a new trial granted, with costs to appellants.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred.